IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ROY BOONE BRIGHT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-114 (MTT) |
| | ) |
| **KIMBERLY CADWELL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Roy Boone Bright has moved for leave to appeal the transfer of his case *in forma pauperis*. Doc. 9. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Bright's motion to appeal *in forma pauperis* demonstrates that he is unable to pay the $505 filing fee. Doc. 9 at 2-5.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Bright does not have a right to appeal because the Court's order to transfer was not a final decision subject to appeal. *See* 28 U.S.C. § 1291; 1292.[1] Moreover,

---

[1] Bright also has not argued that an interlocutory appeal is appropriate here. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal form the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.").

Bright's reason for appeal is without merit. Bright states that the Court mistakenly thought that the facts giving rise to his claim occurred in Cumming, Georgia, and because the Court relied on that misconception, the Court should not have transferred his case.[2] Doc. 6 at 1. Bright now explains that the facts actually occurred in Fulton County, Georgia, not Cumming, Georgia. *Id*. at 2. But it doesn't matter either way because both locations are in the Northern District of Georgia. Thus, because the allegations make clear that the events giving rise to this suit did not occur in the Middle District of Georgia, and none of the defendants reside in the Middle District of Georgia, venue is inappropriate in this district. Therefore, the transfer to the Northern District of Georgia was appropriate. 28 U.S.C. § 1391(b)(1)-(2); 28 U.S.C. § 1406(a).

Accordingly, Bright's appeal is frivolous, and his motion for leave to appeal *in forma pauperis* (Doc. 9) is **DENIED**.

If Bright wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Bright has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Bright is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Bright's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Bright is incarcerated.

---

[2] Bright completed a § 1983 form complaint. Doc. 1. One of the questions in the form is "[w]here did the matters you complain about in this lawsuit take place?" Bright's response was "Forsyth, County Jail, Cumming, Ga." *Id*. at 3. Perhaps Bright was referring to a different lawsuit, but as explained, the mix up does not affect the Court's decision.

**SO ORDERED**, this 2nd day of May, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
